**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2558-22

ARTHUR E. BALSAMO,
ESQ.,

     Plaintiff-Respondent,

v.

CAJE QESJA, a/k/a SARA
QESJA,

     Defendant-Appellant.

_____

Argued May 20, 2024 – Decided August 30, 2024

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-0502-23.

Caje Qesja, a/k/a Sara Qesja, appellant, argued the cause pro se.

Arthur E. Balsamo, respondent, argued the cause pro se.

PER CURIAM

In this dispute concerning legal fees, defendant Caje Qesja appeals from an amended April 6, 2023 judgment affirming a fee arbitration award and dismissing her counterclaims of malpractice and improper billing. We conclude the trial court did not abuse its discretion, and we affirm.

Defendant retained plaintiff to represent her in a divorce action. Upon signing the retainer agreement, defendant paid a $5,000 initial payment. Pursuant to the retainer agreement, plaintiff sent defendant monthly bills from March 2021 through August 2021, which totaled $5,207.89. When defendant failed to pay the outstanding invoices, plaintiff instituted a fee arbitration to obtain the amount due and owing. The parties participated in fee arbitration on July 6, 2022. Defendant, then self-represented, did not contest the reasonableness of plaintiff's fees; instead, she expressed dissatisfaction with plaintiff's representation. The fee arbitration committee rejected defendant's arguments and awarded plaintiff $5,270.89 payable within thirty days. The Disciplinary Review Board affirmed the award and dismissed defendant's appeal.

Defendant did not satisfy the arbitration award within the prescribed thirty days. Pursuant to Rule 1:20A-3(e) and Rule 4:67, plaintiff moved in Bergen County for an entry of a judgment. The matter was transferred to Passaic County

2

because plaintiff was a sitting municipal court judge in Bergen County. Defendant, again self-represented, opposed the motion, disputing the fee award, and asserting malpractice and overbilling counterclaims. The trial court rejected those contentions and entered a judgment on March 31, 2023. That judgment incorrectly stated that the matter was unopposed. Thereafter, the court amended that judgment on April 6, 2023.

This appeal follows. In her brief, defendant argues the trial court erred in granting summary judgment to defendant, plaintiff committed legal malpractice, and the Disciplinary Review Board erred in awarding fees in favor of plaintiff.

We review the trial court's order de novo because "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. of Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Fee arbitration committees have jurisdiction to arbitrate fee disputes between clients and attorneys. R. 1:20A-2(a). The determination of the fee arbitration committee is final and binding on the parties, and the Disciplinary Review Board, alone, has appellate jurisdiction in these matters. R. 1:20A-3(c); see also Linker v. Co. Car Corp., 281 N.J. Super. 579, 587 (App. Div. 1995).

We have considered defendant's contentions in light of the record and the applicable law. We reject defendant's contention that the court erred in granting plaintiff's motion to enter a judgment. Defendant failed to abide by the Disciplinary Review Board's order to satisfy the award within thirty days of the denial of her appeal. Defendant has not presented a meritorious claim, and we lack jurisdiction to review or vacate the fee arbitration award. Application of LiVolsi, 85 N.J. 576, 596 (1981). Thus, we have no cause to vacate the entry of judgment.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2558-22